UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAHOME    THEODORIS,    an
individual,

      Plaintiff,

v.                                Case No:  2:25-cv-181-JES-NPM

VANCE   DOTSON   THE   CREDIT
DOCTOR,

      Defendant.

_____

**ORDER**

    This matter comes before the Court on review of the Second[1] Amended Complaint for Defamation of Character/Slander (Doc. #57) filed on July 1, 2025.  "Federal courts are courts of limited jurisdiction."  United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005) (citations omitted).  If the Court determines "at any time" that it lacks subject-matter jurisdiction, there is an obligation to dismiss the case.  Fed. R. Civ. P. 12(h)(3).

    "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "arise under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of

---

    [1] Although entitled as a Second Amended Complaint, it is actually the Third Amended Complaint.

citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively." Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 437–38 (2019). Subject matter jurisdiction in this case appears to be premised on the presence of a diversity of citizenship between the parties as no federal question is presented. This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

The current operative pleading is the Second Amended Complaint for Defamation of Character/Slander (Doc. #57.) As to citizenship, plaintiff states that he is a "resident" of Florida. (Id. at 1.) Plaintiff alleges that defendant is an individual and a "resident" of Oklahoma City, Oklahoma and the owner of Vance the Credit Doctor in the same State. (Id. at 2.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading *residency* is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th

Cir. 2009); <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted). Therefore, additional information is required for both plaintiff and defendant regarding their domiciles.

Even though the factual allegations are limited to generally increased anxiety, depression, being on his mind every day causing him to shake, mood swings, and sleepless nights, <u>id.</u> at p. 2, the Court accepts that plaintiff seeks "$75,000 in good faith for non-economic damages" and "$150,000" in good faith for other claims. (Doc. #57 at ¶ 13.)

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653. If plaintiff is unable to show subject matter jurisdiction exists, the case may be dismissed without prejudice to proceeding before the state court.

Accordingly, it is now

**ORDERED**:

The Second (Third) Amended Complaint (Doc. #57) is **dismissed** for lack of subject matter jurisdiction without prejudice to filing a Fourth Amended Complaint within **FOURTEEN (14) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of July 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of record

4