UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAHOME THEODORIS, an individual,

    Plaintiff,

v.                        Case No: 2:25-cv-181-JES-NPM

VANCE DOTSON THE CREDIT DOCTOR,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on defendant Vance Dotson's Motion to Dismiss Fifth Amended Complaint, Motion to Quash Summons Against Vance Dotson (Doc. #66) filed on July 23, 2025. The next day, *pro se* plaintiff Nahome Theodoris filed a Motion to Deny Defendant's Motion to Dismiss and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment (Doc. #67). On August 15, 2025, defendant filed an unauthorized Reply in Opposition to Plaintiff's Motion to Deny Defendant's Motion to Dismiss and Reply in Opposition to Plaintiff's Motion for Summary Judgment (Response) (Doc. #68). On September 2, 2025, plaintiff filed a Motion for Reply Brief to Defendant's Reply and Reply Brief to Defendant's Response (Doc. #69).

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b) under subsections (1) through (6) by motion as

follows: "**(1)** lack of subject-matter jurisdiction; **(2)** lack of personal jurisdiction; **(3)** improper venue[1]; **(4)** insufficient process; **(5)** insufficient service of process; [and] **(6)** failure to state a claim upon which relief can be granted…." Fed. R. Civ. P. 12(b).

### A. Subject Matter Jurisdiction

On June 26, 2025, at the Rule 16(b) Conference, the Magistrate Judge instructed plaintiff to amend to include the proper name and citizenship of defendant and to show that the amount in controversy exceeds $75,000. (Doc. #54.) On July 1, 2025, plaintiff filed a "Second" (Third) Amended Complaint (Doc. #57) identifying "Vance Dotson" the individual as the defendant. Another Summons (Doc. #58) was issued. On July 15, 2025, upon review of this Third Amended Complaint, the Court dismissed the pleading for lack of subject matter jurisdiction with leave to amend. Plaintiff filed a Fourth and the Fifth Amended Complaint in rapid succession. (Docs. #64, #65.)

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- **(1)** citizens of different States…." 28 U.S.C. § 1332(a)(1).

---

[1] Although defendant asserts that dismissal is sought for improper venue, no arguments are raised in support. Therefore, the motion to dismiss will be denied on this issue without further discussion.

The Fifth Amended Complaint (Doc. #65) alleges that plaintiff is an individual who "domiciles in Florida." (Id. at ¶ 1.) Defendant Vance Dotson is identified as an individual who is domiciled in Oklahoma City, Oklahoma, and is the owner of Vance the Credit Doctor. (Id. at 2.) Both counts are based on state law and plaintiff has asserted an amount in controversy in excess of $75,000. Plaintiff seeks $225,000, representing $75,000 in non-economic damages for Count One, and $150,000 for emotion distress damages for Count Two, plus court fees and costs. (Id. at 13.) In this case, plaintiff has provided the domicile for both plaintiff and defendant, and they are both in different states. The Court also previously stated that it accepts that plaintiff's estimation of the damages as sufficient. (Doc. #61, p. 3.)

Defendant argues for dismissal because "it is apparent to a legal certainty that the plaintiff cannot recover the amount claimed (cite cases)." (Doc. #66, p. 7.) While non-economic damages can vary where no proof of actual economic harm is at issue and the ultimate award may be significantly lower, Johnson v. Clark, 484 F. Supp. 2d 1242, 1257 (M.D. Fla. 2007) (collecting cases), aff'd, 294 F. App'x 502 (11th Cir. 2008), the jurisdictional amount is based on the allegation at the time of filing, PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016). "Such a case will not be dismissed unless it appears

to a "legal certainty" that plaintiff's claim is actually for less than the jurisdictional amount." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994) (citing St. Paul's Indemnity Corp. v. Red Cab Co., 303 U.S. 283, 288-289 (1938)). The motion to dismiss will be denied under Fed. R. Civ. P. 12(b)(1).

**B. Personal Jurisdiction**

In the Fifth Amended Complaint, plaintiff states that "Defendant's actions fall[] under the jurisdiction of the Florida Long Arm Statute, as Defendant's intentional, negligent tortious conduct directed at Plaintiff has caused harm and damages in the State of Florida, thereby subjecting Defendant to personal jurisdiction in this state." (Doc. #65 at ¶ 5.) This statement in the Fifth Amended Complaint is insufficient to support personal jurisdiction under Florida's long-arm statute.

"If both Florida law and the United States Constitution permit, the federal district court may exercise jurisdiction over the nonresident defendant." Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008) (citations omitted). To determine personal jurisdiction, the Court first looks to whether the Florida long-arm statute [2] provides a basis to exercise personal jurisdiction, and if so, the Court looks for sufficient minimum contacts between defendant and Florida "to satisfy 'traditional

---

[2] Fla. Stat. § 48.193.

notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996) (citations omitted). "There is no question that physical presence is not necessarily required to satisfy the constitutionally mandated requirement of minimum contacts," and a cause of action can arise from a nonresident's electronic communications *into* Florida. Wendt v. Horowitz, 822 So. 2d 1252, 1257-58, 60 (Fla. 2002) (citation omitted). The Florida Supreme Court has determined that "[a] nonresident defendant commits the tortious act of defamation in Florida for purposes of Florida's long-arm statute when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and accessed in Florida." Internet Sols. Corp. v. Marshall, 39 So. 3d 1201, 1216 (Fla. 2010).

Defendant argues that personal jurisdiction over Mr. Dotson is not appropriate because he resides in Oklahoma City, Oklahoma, and the claims arise from "activities that wholly took place in Oklahoma City, Oklahoma. Moreover, the Defendant business entity "Vance the Credit Doctor" is owned and operated solely in Oklahoma City, Oklahoma." (Doc. #66, p. 10.) Defendant argues that the Complaint fails because plaintiff does not allege that the Facebook post was accessed in Florida, or that he was physically in Florida

when he viewed the post.  (Id. at 11.)  In the response, plaintiff argues:

> The Defendant's actions is, on its face, defamation / slander. The Defendant made a social media video post initiated in Oklahoma but Vance Dotson, who's an Oklahoman, also tagged me, a Floridian, in that same video post, where I access it here in Florida, making it accessible in Florida committing a tortious act within the state, and therefore submits himself to the jurisdiction of the state's courts, once the material is accessed in Florida. *Internet Solutions Corp v. Tabitha Marshall.* The Florida Supreme Court has established that the Defendant is subject to personal jurisdiction in Florida, even if they reside in another state. This is because posting on a website accessible in Florida constitutes a "tortious act within the state" and does not violate due process. Significantly, jurisdiction exists only when a communication is made into Florida. *Metnick & Levy. P.A. v. Sculing, 123 So. 3d 639. 645 (Fla. 4th DCA 2013)*. Also one of the commenters on the post is also a Floridian.

(Doc. #67, p. 3.)  These statements are not included in the Fifth Amended Complaint but would be sufficient if plaintiff was permitted to amend and add the allegations that the post was initiated in Oklahoma, plaintiff was tagged in Oklahoma, and that the post was accessible and accessed in Florida.  The motion to dismiss will be granted without prejudice to amending the Fifth Amended Complaint.

### C. Insufficient Process

"'An objection under Rule 12(b)(4) concerns the form of process rather than the manner or method of its service'…. 'A Rule

12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.'" Endurance Am. Ins. Co. v. Bain Berkeley, Inc., No. 1:22-CV-1309-SEG, 2024 WL 6077907, at *4 (N.D. Ga. Mar. 14, 2024) (quoting 5B Alan Wright & Arthur Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2004)).

On March 5, 2025, plaintiff initiated a form Complaint against "Vance the Creditor Doctor" with an address in Oklahoma City, Oklahoma. On March 10, 2025, a Summons was issued. (Doc. #6.) The original Summons identified "Vance Dotson the Credit Doctor" at 425 W. Wilshire Boulevard Suite e." (Id.) The Proof of Service was also for "Vance Dotson the Credit Doctor" and served on someone residing at the address of suitable age. On April 11, 2025, corporate service for "Vance Dotson the Credit Doctor" was executed on "K. Embree" or "K. Embrey" by leaving the summons at the individual's residence or usual place of abode at 425 W. Wilshire #E, Oklahoma, by the local Sheriff's Office. (Doc. #20.) On April 28, 2025, defendant appeared by and through counsel and filed a Motion to Dismiss (Doc. #21). This motion was denied for failure to comply with M.D. Fla. R. 3.01(g). Plaintiff thereafter amended the complaint several times until the currently operative Fifth Amended Complaint for Defamation of Character/Slander (Doc. #65) identifying defendant as an individual, Vance Dotson. In response to defendant's motion, plaintiff indicates that the intent was to

add Vance Dotson as a necessary party pursuant to Fed. R. Civ. P. 19, and that "Vance Dotson's business entities" were the improper parties.

"A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "A summons must: **(A)** name the court and the parties; **(B)** be directed to the defendant; **(C)** state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff; **(D)** state the time within which the defendant must appear and defend; **(E)** notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; **(F)** be signed by the clerk; and **(G)** bear the court's seal." Fed. R. Civ. P. 4(a)(1).  Plaintiff properly had a second Summons (Doc. #58) issued in the name of Vance Dotson at the same address after amending to name the individual.  Therefore, the motion to dismiss will be denied under Fed. R. Civ. P. 12(b)(4).

Plaintiff executed service of process electronically through CM/ECF and filed proof of same.  (Doc. #62.)   Plaintiff argues that service was made pursuant to Fed. R. Civ. P. 5(b) by serving attorney Tracey Cabanis.   (Doc. #67, p. 3.)   Attorney Tracey Cabanis filed a Notice of Appearance (Doc. #17) on behalf of Vance

The Credit Doctor only. However, in response to the Fifth Amended Complaint, counsel appeared on behalf of the current defendant Vance Dotson to file the Motion to Dismiss arguing insufficient service of process.

Service on an individual requires service by a person at least 18 years old who is not a party, Fed. R. Civ. P. 4(c)(2) according to state law, or by delivering a copy of the summons and the complaint on the individual personally, by leaving a copy at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e). Service under Rule 5 applies to "a pleading filed *after* the original complaint," in this case the Fifth Amended Complaint now naming Vance Dotson the individual for the first time. Fed. R. Civ. P. 5(a)(1)(B) (emphasis added). "Ordinarily, formal service of process is required only for the original complaint. But formal service is needed for an amended complaint when, like here, claims are brought against new parties and/or the original complaint was never properly served." Topa v. Kerbs, No. 2:18-CV-475-FTM-38MRM, 2018 WL 6249847, at *2 n.3 (M.D. Fla. Nov. 29, 2018). Since Vance Dotson, the individual, is now the proper party, service of process of the "original complaint" was required to be made pursuant to Fed. R. Civ. P. 4. The motion to dismiss

for insufficient service of process will be granted pursuant to under Fed. R. Civ. P. 12(b)(5).

"'Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.'" Pouyeh v. Pub. Health Tr. of Jackson Health Sys., 718 F. App'x 786, 790 (11th Cir. 2017) (quoting Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)). Plaintiff will be required to execute service of process pursuant to Rule 4(e).

### D. Failure to State a Claim

Having determined that the Court has subject matter jurisdiction but that the personal jurisdiction and venue allegations are insufficient, plaintiff will be required to amend the Fifth Amended Complaint. Therefore, the Court will not consider the sufficiency of the claims themselves pending the filing of an Amended Complaint and service of process.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Vance Dotson's Motion to Dismiss Fifth Amended Complaint, Motion to Quash Summons Against Vance Dotson (Doc. #66) is **GRANTED** to the extent that the Fifth Amended Complaint is **dismissed without prejudice** to filing a Sixth Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

2. Plaintiff shall execute service of process on Mr. Dotson within **SIXTY (60) DAYS** of this Opinion and Order and file the proof of service on the docket.

3. Plaintiff's Motion to Deny Defendant's Motion to Dismiss and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment (Doc. #67) is **DENIED as moot.**

4. Plaintiff's Motion for Reply Brief to Defendant's Reply and Reply Brief to Defendant's Response (Doc. #69) is **DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this __25th__ day of September 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiffs
Counsel of Record