UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAHOME      THEODORIS,     an
individual,

      Plaintiff,

v.                                    Case No:  2:25-cv-181-JES-NPM

VANCE   DOTSON   THE   CREDIT
DOCTOR,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on defendant's Second Amended Motion to Dismiss Seventh Amended Complaint (Doc. #90) filed on March 9, 2026.  Plaintiff filed a Response in Opposition (Doc. #95) on March 23, 2026.  For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief

above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Stated a different way; after ignoring conclusory allegations, the Court assumes any remaining factual allegations are true and determines whether those factual allegations plausibly give rise to an entitlement to relief. Ingram v. Kubik, 30 F.4th 1241, 1255 (11th Cir. 2022).

A pleading drafted by a party proceeding unrepresented (pro se) is held to a less stringent standard than one drafted by an

2

attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally.  Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). However, the Court's "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (quotation omitted).

**II.**

Viewing the allegations in the Seventh Amended Complaint for Defamation (Slander Per Se) (Doc. #82) in a light most favorable to plaintiff Nahome Theodoris of Lehigh Acres, Florida.  Defendant Vance Dotson is an individual who lives in Oklahoma City, Oklahoma, and is the owner and operator of Vance the Credit Doctor.

On or about January 23, 2025, plaintiff contacted defendant for a refund for a service plaintiff had paid for, but defendant failed to provide.  In response, defendant published a video screen recording on Facebook captioned "how would you handle this situation with Rey El [emoji]" and tagged plaintiff in the post. Defendant started the video by stating "hey, y'all be aware of scammers man," and concluded the video by stating "so yea, stay away from these kinds of people, theses all rights reserved people, just a scammer bro … just my opinion." (Id., ¶¶ 7-10.)  The entire video, when viewed in context, purported to be a factual warning

about plaintiff's fraudulent or criminal business misconduct and the statements were materially false.  The post was widely published and viewed by at least 1.4 thousand viewers and accessed and published by third parties in Florida.  Plaintiff alleges one count of defamation (slander per se).  Plaintiff alleges that defendant's statement that plaintiff was a "'scammer' in the context of a business transaction constitutes slander per se under Florida common law."

"A defamatory statement is one that tends to harm someone's reputation in the community, or deters others from associating with the person," [while] "[a] false defamatory statement which suggests that someone has committed a dishonest or illegal act is slander *per se.*"  Fun Spot of Florida, Inc. v. Magical Midway of Cent. Florida, Ltd., 242 F. Supp. 2d 1183, 1197 (M.D. Fla. 2002) (internal citation omitted).  "A publication may be defamation *per se* when, considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt or disgrace; or (4) it charges conduct, characteristics, or a condition incompatible with the proper exercise of a lawful business, trade, profession or office which thereby tends to injure one in his trade or profession."  Akai Custom Guns, LLC v. KKM Precision, Inc., 707 F. Supp. 3d 1273,

4

1294 (S.D. Fla. 2023) (citing Richard v. Gray, 62 So. 2d 597, 598 (Fla. 1953)). "Defamation *per se* does not require any additional explanation to prove the defamatory nature of the statement." Akai, 707 F. Supp. 3d at 1293. Defamation *per se* has special rules in that the statements are "presumed harmful as a matter of law" and malice is presumed without having to prove express malice. Lawnwood Med. Ctr., Inc. v. Sadow, 43 So. 3d 710, 727 (Fla. 4th DCA 2010).

Plaintiff was called a "scammer" in the context of a business transaction when he requested a refund. This was done publicly. Plaintiff argues that it implies that he committed fraud, a crime, and therefore it is actionable. (Doc. #95, p. 3.) This is sufficient to state a claim at this stage of the proceedings. See LeGrande v. Emmanuel, 889 So. 2d 991, 994 (Fla. 3d DCA 2004) (allegation that third parties were told that the Pastor purchased a care with cash stolen from church legally sufficient) (collecting cases).

### III.

Defendant argues that plaintiff has not adequately alleged negligent infliction of emotional distress. Plaintiff argues that it is actionable and the "impact rule" does not apply. The Seventh Amended Complaint, the only operative pleading, contains one count for "Defamation (Slander Per Se)" and a "Demand for Relief" that

5

includes "Compensatory damages for non-economic harm (including reputational injury and emotional distress) in the amount of $225,000.00 (composed of $75,000 for reputational harm/humiliation and $150,000 for mental anguish/emotional distress)."  (Doc. #82, pp. 4, 5.)  Negligent infliction of emotional distress is not set forth as a separate claim.  Therefore, the motion will be granted to the extent that plaintiff has not stated a separate claim for negligent infliction of emotional distress.  The motion is also granted to the extent that the intent was to state a claim for negligent infliction as plaintiff did not state a claim to support a "discernable physical injury", a "physical injury" "caused by the psychological trauma", involvement in the event causing the injury to another, and a "close personal relationship" to the injured person.  LeGrande, 889 So. 2d at 995.

Defendant argues that the Seventh Amended Complaint is a shotgun pleading because it "incorporates by reference and re-alleges all exhibits previously filed with the Sixth Amended Complaint (Doc. 74) #1 and #2."  (Doc. #82, ¶ 20.)  While, previously filed exhibits are incorporated without re-filing by plaintiff, this does not make the operative pleading a shotgun pleading within the definition set forth in Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015). The motion will be denied on this basis.

6

Accordingly, it is now

**ORDERED:**

Defendant's Second Amended Motion to Dismiss Seventh Amended Complaint (Doc. #90) is **GRANTED IN PART AND DENIED IN PART.** The motion is granted as to the claim for negligent infliction of emotional distress. The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

7