UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAHOME THEODORIS,

      Plaintiff,

v.                              Case No:  2:25-cv-181-JES-NPM

VANCE DOTSON,

      Defendant.

_____

## ORDER

This matter comes before the Court on plaintiff's Motion to Strike defendant's Amended Answer (Doc. #104) filed on May 11, 2026.  Plaintiff also filed a Notice of Filing Exhibits in Support (Doc. #105) on May 28, 2026.  No response has been filed and the time to respond has expired.

Plaintiff states that "the Court has not yet ruled on the validity of Defendant's unauthorized filing (Doc 102)."  As a result, plaintiff filed the motion to strike to "formally oppose the filing" because defendant did not obtain plaintiff's consent or leave of Court to amend the pleading pursuant to Fed. R. Civ. P. 15(a)(2).  Plaintiff also argues that the document was filed without waiting until plaintiff had a chance to review the proposed document pursuant to M.D. Fla. R. 3.01(g)[1] and to consent.

_____

[1] Plaintiff filed a Declaration in Support and the email exchange.  Plaintiff indicates that opposing counsel did reach out

Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course no later than" 21 days after serving it.  Fed. R. Civ. P. 15(a)(1)(A).  The original Answer (Doc. #99) was filed on April 13, 2026, and the Amended Answer was filed exactly 21 days later on May 4, 2026.  The Answer was not due until the motions to dismiss were resolved, Fed. R. Civ. P. 12(a)(4), and therefore "written consent or the court's leave" was not required, Fed. R. Civ. P. 15(a)(2).  The fact that the case has been pending since March 5, 2025, and the case is now on the Seventh Amended Complaint (Doc. #82) does not take away from defendant's right to amend as a matter of course and without consent or leave.  Even if Rule 15(a)(2) applied, "[t]he court should freely give leave when justice so requires."  Plaintiff's argument regarding defendant's "tactical attempt to retract critical admissions made in the original Answer" is misplaced because the amendment was permitted under the Rules.

Any argument regarding late discovery responses is not enough to strike a pleading.  "[A] motion to strike is a drastic remedy and is disfavored by the courts. [] Therefore, a motion to strike should be granted only if 'the matter sought to be omitted has no

---

and seek consent to file the Amended Answer, however, not hearing any response for eight hours, counsel proceeded with the filing in light of the deadline.

possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Schmidt v. Life Ins. Co. of N. Am., 289 F.R.D. 357, 358 (M.D. Fla. 2012) (internal citation omitted).  As the Court finds none of these conditions apply, the motion will be denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Strike defendant's Amended Answer (Doc. #104) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of June 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

3