**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**NAHOME THEODORIS,**
Plaintiff,

v. 2:25-cv-181-SPC-NPM

**VANCE DOTSON,**
Defendant.

---

# ORDER

On March 5, 2025, plaintiff Nahome Theodoris initiated this defamation action against defendant Vance Dotson. (Doc. 1). Theodoris alleges that Dotson defamed him when Dotson posted a video to over 1,400 viewers and tagged him on Facebook, alluding to Theodoris as a "scammer" because he did not have money to pay for Dotson's letter-writing services. Now on the *seventh* iteration of his complaint, well into discovery, and after the deadline to amend pleadings,[1] Theodoris seeks leave to amend his complaint to add a claim for punitive damages. (Doc. 110).

Generally, district courts are encouraged to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But when, as here, "a party files a motion for

[1] The deadline for seeking leave to amend a pleading was August 1, 2025. (Doc. 56). Before the deadline, Theodoris had already amended his complaint on five separate occasions. (Docs. 31, 51, 57, 64, 65). Thereafter, the court dismissed his fifth amended complaint without prejudice. (Doc. 73). So Theodoris filed a sixth amended complaint, which he later amended with leave of the court to correct a clerical error. (Docs. 74, 82).

leave to amend a pleading after the applicable scheduling-order deadline has passed, the party is in effect seeking to modify this deadline." *Coach, Inc. v. Visitors Flea Mkt., LLC*, 6:11-cv-1905-Orl-19GJK, 2012 WL 12905809, *1 (M.D. Fla. June 11, 2012) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). Pursuant to Rule 16(b)(4): "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires diligence. Put simply, Rule 16's "good cause standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the party's diligence in complying with the court's scheduling order." *Nolen v. Wyndham Vacation Resorts, Inc.*, No. 6:20-CV-330-ORL-40-EJK, 2020 WL 9171962, *1 (M.D. Fla. May 27, 2020) (quoting *Sosa*, 133 F.3d at 1418). "If [a] party was not diligent, the [good cause] inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

In an effort to satisfy Rule 16(b)(4)'s good-cause standard, Theodoris maintains that he has exercised due diligence because the "underlying factual basis supporting a claim for punitive damages did not legally exist on the record" until Dotson served his discovery responses on June 3, 2026. These facts, according to Theodoris, solidify Dotson's actual and express malice and reckless disregard for the truth. (Doc. 110 at 2-3). To prove his point, Theodoris cites to Dotson's recent discovery admissions: that he issued a $60.00 refund to Theodoris; Dotson captioned

his allegedly defamatory statement as "How would you handle this situation with Rey El;"[2] Dotson admitted his public broadcast on Facebook reached over 1,400 viewers; Dotson failed to contact Theodoris to verify his claims before publishing the video on Facebook; Dotson possessed no evidence of Theodoris being convicted of a crime before labeling him as a "scammer;" Dotson admitted that he explicitly instructed his audience to "beware" of Theodoris; and that Dotson refused to issue a public apology to Theodoris. *Id.* at 3.

But all of these facts were known to Theodoris long before now. Indeed, the circumstances regarding the $60 refund, the statements made by Dotson on Facebook to over 1,400 viewers, Dotson's failure to contact Theodoris before publishing the video calling him a "scammer," and telling his audience to "beware" were largely known to Theodoris when the claim was first brought and appear to be the same facts alleged in his initial complaint and every amended complaint thereafter. (Docs. 1, 31, 51, 57, 64, 65, 74). In fact, Theodoris readily admits that his proposed amendment is based on evidence he already had but which was "newly confirmed" during discovery. (Doc. 110 at 1). Furthermore, Theodoris requested relief in the amount of $50,000 for punitive damages at the beginning stages of litigation—in his initial and amended complaint—alleging Dotson "intentionally"

[2] Dotson asserts that the video discussing Theodoris never mentions Theodoris's legal name because the video refers to an online pseudonym, "Rey El." (Doc. 113 at 10-11). Dotson believes this pseudonym is characteristic of a sovereign citizen. *Id.*

defamed him and acted with "reckless disregard," but he then omitted this request for relief from subsequent iterations of the complaint. (Doc. 1 at 5; Doc. 31 at 2). Thus, while Theodoris may have recently obtained evidence to support or ultimately prove a claim for punitive damages, he has been in possession of the facts and allegations necessary to assert such a claim since the inception of this case.

Now, over one year after the deadline to amend pleadings and with discovery in its final stages, Theodoris attempts to resurrect his pursuit of punitive damages. This demonstrates a lack of diligence and does not amount to good cause.[3] *Balthazar Mgmt. v. Beale St. Blues Co.*, No. 17-cv-81214-BLOOM, 2018 WL 8221674, *2 (S.D. Fla. Oct. 11, 2018) (denying motion to amend complaint to add claims for punitive damages because plaintiff failed to show "good cause" for modification of scheduling order when he knew about factual allegations underlying the proposed claims well before the amendment deadline).

Accordingly, Theodoris's motion for leave to amend his complaint (Doc. 110) is **DENIED**.[4]

[3] Any reliance on Florida Statute § 768.721 to justify such a late motion for leave to add a request for punitive damages is misplaced. To be sure, the Eleventh Circuit Court of Appeals "has held that the pleading rules set forth in Fed. R. Civ. P. 8(a)(3) preempt § 768.72's requirement that a plaintiff must obtain leave from the court before including a prayer for punitive damages." *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001) (citing *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated in part*, 204 F.3d 1069 (11th Cir. 2000)).

[4] Because Theodoris has not shown good cause to amend his complaint pursuant to Rule 16, we do not address his arguments made under Rule 15.

**ORDERED** on October 22, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge