**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**NAHOME THEODORIS,**
Plaintiff,

v. 2:25-cv-181-SPC-NPM

**VANCE DOTSON,**
Defendant.

---

**ORDER**

In this defamation action, plaintiff Nahome Theodoris filed a motion to compel defendant Vance Dotson's sufficient responses to the first set of interrogatories and request for production. (Doc. 109). Theodoris maintains that Dotson violated Federal Rules of Civil Procedure 33, 34, and 37 by providing evasive and incomplete responses to interrogatories and deficient responses to his request for production. *Id.* at 3-4. Dotson responds, arguing the motion should be denied in substantial part. (Doc. 112).

The court has "broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Rule 26(b), which sets out the scope of discovery, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party seeking discovery must

demonstrate the relevance of the discovery requests, *Zamperla, Inc. v. I.E. Park srl*, No. 6:13-cv-1807-Orl-37KRS, 2014 WL 11332269, *2 (M.D. Fla. Oct. 23, 2014), while the resisting party must show that the discovery is improper, unreasonable, or burdensome. *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr.*, LLC, No. 8:21-cv-146-MSS-AAS, 2021 WL 5961144, *1 (M.D. Fla. Dec. 16, 2021).

Rule 37(a) permits a party to move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a). A Rule 37 motion to compel a discovery response can only be made in limited circumstances. *See* Fed. R. Civ. P. 37(a)(3)(B). In regard to discovery requests made under Rules 33 and 34, a Rule 37 motion can only be made if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

With respect to the interrogatories at issue, Dotson, as he stated he would do, may supplement his response to interrogatory four, which requests the USPS tracking number for letters that Dotson claimed to have mailed to Theodoris. (Doc. 109-1 at 2). As for the remaining interrogatories, they are either improperly framed or not relevant, or the objections are otherwise sustained. Contrary to Theodoris's assertion, Dotson's objections are not boilerplate. Dotson makes the objections of "vague and ambiguous," " assumes facts not in evidence," or

"argumentative" and then provides an explanation as to the basis for the objection. (*See* Doc. 109-1). This is exactly what the Federal Rules of Civil Procedure require, and therefore Theodoris's motion to compel will be denied on this basis. *See Morgan v. Std. Fire Ins. Co.*, No. 0:23-cv-61609, 2024 WL 3360403, *2 (S.D. Fla. May 31, 2024) (finding objections were not boilerplate where defendant explained why the objection applied).

Moreover, revisiting the interrogatories would be disproportionate to the needs of the case because the inquiries are either addressed by Rule 26(a)(1) or could be more efficiently explored during a deposition of Dotson. *See Koster v. Landmark Am. Ins. Co.*, No. 5:14-cv-689-Oc-37PRL, 2016 WL 3014605, *4 (M.D. Fla. May 20, 2016) (denying motion to compel response to interrogatory that broadly sought a detailed narrative of the opposing parties' case).

Turning to the requests for documents, they either concern facts not in dispute or seek documents that do not exist. Indeed, Dotson noted that ten out of the fifteen requests could not be produced because he had no responsive documents. (Doc. 109-8). The court is generally entitled to rely on such representations absent some reasonable articulable suspicion that the representation is false, which Theodoris has not provided here. *See In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp. 2d 1335, 1349 (N.D. Ga. 2012) (citing Fed. R. Civ. P. 26(g), which requires that attorneys certify the completeness of discovery responses under penalty of

sanctions). Furthermore, we obviously cannot compel production of documents that do not exist. *See Calhoun v. Volusia Cnty.*, No. 6:04-cv-106-Orl-31DAB, 2007 WL 1796259, *1 (M.D. Fla. June 20, 2007) ("[T]he court cannot compel production of documents that do not exist."). Accordingly, Theodoris's motion to compel is **DENIED**.

**ORDERED** on October 22, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge